UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ERIC COLLINS                                          CIVIL ACTION

VERSUS                                                NO. 12-2319

BRICE BUILDING COMPANY, LLC ET AL.                    SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand and the defendants' motion for summary judgment. Because the motions focus on similar issues, the Court considers them together. For the reasons that follow, the plaintiff's motion to remand is DENIED, and the defendants' motion for summary judgment is GRANTED.

Background

This is a dispute arising out of a workplace accident. In February 2009, Brice Building Company, LLC entered into a contract with the Louisiana Cancer Research Consortium for the construction of a cancer research center in New Orleans.[1] The contract allowed Brice, as general contractor, the right to retain subcontractors as needed, and Brice subcontracted with Getinge USA, Inc., to furnish all labor and materials for, and

---

[1] The original contract was executed by Brice, LLC's predecessor, Brice Building Company, Inc. On April 16, 2012, Brice Building Company, Inc. assigned the contract to Brice, LLC. As a result, Brice, LLC assumed all obligations of the contract, including obligations to subcontractors.

1

complete construction of, certain portions of the research center.[2] The subcontract between Brice and Getinge recognized Brice as the statutory employer of Getinge's employees while they were performing work pursuant to the subcontract, and that any work performed by Getinge was part of Brice's trade, business, or occupation, and an integral part of Brice's ability to generate services for the research center.

On April 14, 2011, Eric Collins, an employee of Getinge, was assisting Brice's employee, Richard J. Mouille, to move a sterilizer when the sterilizer fell on Collins, resulting in injuries. Mr. Collins sued Brice, Mr. Mouille, and Travelers Casualty and Surety Company in Civil District Court for the Parish of Orleans on September 22, 2011, alleging that his injuries were caused by the negligence of Brice and Mr. Mouille. On May 9, 2012, defendants Brice, Mouille, and Travelers moved for summary judgment in state court, alleging that they were immune from liability under the Louisiana Worker's Compensation Act.

On August 8, 2012, before defendants' motion for summary judgment was decided in state court, plaintiff filed a supplemental and amending petition that added Roadrunner, Ltd. as a defendant. Roadrunner subsequently removed the suit to this

---

[2] Specifically, Getinge was subcontracted to complete construction of the Laboratory Equipment, Vivarium Equipment, and Environmental Rooms of the Louisiana Cancer Research Center.

Court on September 20, 2012, invoking the Court's diversity jurisdiction.

Mr. Collins now moves the Court to remand this case to state court, alleging that removal was improper. Roadrunner opposes the motion to remand for the same reasons asserted in defendants Brice, Mouille, and Travelers' motion for summary judgment; defendants are immune from tort liability because of the statutory employer defense.

I. <u>Legal Standards</u>

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. <u>See</u> <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002); <u>see also</u> <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447 (2006). Any ambiguities are resolved in favor of remand, <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed. <u>Gasch v. Hartford Accident & Indem. Co.</u>, 491 F.3d 278 (5th Cir. 2007); <u>see also</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941).

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States

Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Federal law allows for state civil suits to be removed to federal courts that have original jurisdiction over the action. 28 U.S.C. § 1441(a). Suits not brought under federal law are removable "only if none of the parties in interest properly joined . . . [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b). For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

The party invoking removal jurisdiction on the grounds of improper joinder bears a "heavy burden." Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). Improper joinder may be established by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 ("Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was

4

properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case").  In deciding whether a plaintiff is able to establish a cause of action against the non-diverse defendant, the Court determines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  Id. (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The possibility of recovery must be reasonable, not merely theoretical. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)("If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder." (internal quotation marks omitted)).

Regarding the means for predicting whether a plaintiff has a reasonable basis for recovery under state law, this Court may look at the allegations of the complaint alone, and employ a Rule 12(b)(6) analysis to determine whether it states a claim upon which relief can be granted.  Smallwood, 385 F.3d at 573.  Alternatively, in those few cases in which a plaintiff has stated a claim, but has misstated or omitted facts that would determine the propriety of joinder, the Court may, in its discretion,

pierce the pleadings and conduct a limited summary inquiry to determine if it has diversity jurisdiction. See id. at 573-74. The Court must take care not to "mov[e] beyond jurisdiction and into a resolution of the merits." Id. at 574. "Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to

6

establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II. Discussion

### A.

The defendant Roadrunner contends that Brice, Mouille, and Travelers were improperly joined.  Brice and Travelers, however, are foreign corporations whose citizenship would not defeat diversity in this case; rather, remand turns on whether the presence of Richard Mouille, a citizen of Louisiana, prevents removal.

Roadrunner asserts that the joinder of Mr. Mouille was improper because there is no reasonable basis for predicting recovery against the in-state defendant Mouille.  The Court agrees.  Therefore, the citizenship of Mr. Mouille should be

7

disregarded and remand is improper here.[3] Moreover, in reaching that conclusion, the Court finds no genuine dispute as to a material fact that Brice, Mouille, and Travelers are immune from tort liability under the statutory employer defense, thus making summary judgment appropriate.

*B.*

Under the Louisiana Workers' Compensation Act, a general contractor typically is required to pay workers' compensation to a subcontractor's employee who is injured on the job. See La. R.S. 23:1061. This scheme was adopted to prevent employers from circumventing the workers' compensation laws by interjecting intermediary entities between themselves and their workers. Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth., 2002-1072, p. 6 (La. 4/9/03); 842 So. 2d 373, 377-78. As a result, the general contractor is most often exempt from

---

[3] Intervenor, Liberty Insurance Company, contends that remand is proper because claims arising under state workers' compensation laws are expressly non-removable under 28 U.S.C. § 1445(c). The Fifth Circuit has held that a removal in contravention of Section 1445(c) is a procedural, rather than jurisdictional, defect. See Williams v. AC Spark Plugs Div. of Gen. Motors Corp., 985 F.2d 783, 787-88 (5th Cir. 1993). A non-removing party may object to any procedural defects within thirty days of the defective removal. 28 U.S.C. § 1447(c). Thus, an objection to removal as improper because the case arises under a state workers' compensation scheme is waived if not raised thirty days after removal is perfected. See Williams, 985 F.2d at 787-88; Partin v. Kan. City S. Ry. Co., No. 11-1999, 2012 WL 4962412, at *2 (W.D. La. Oct. 16, 2012). Here, the notice of removal was filed on September 20, 2012. Liberty objected to removal on November 27, 2012, clearly outside the thirty-day time frame. Therefore, Liberty's objection is untimely.

work-related tort liability to a subcontractor's employee. <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> La. R.S. 23:1032(A)(1)(a). Exempt general contractors are referred to as "statutory employers." A general contractor, or "principal," is a statutory employer when it

> undertakes to execute any work, which is a part of **his trade, business or occupation** or **which he had contracted to perform, and contracts with any person**, in this Section referred to as the "contractor," for the execution by or under the contractor of the whole or any part of the work undertaken by the principal.

La. R.S. 23:1061(A)(1) (emphasis added). Thus, the statutory language provides two alternative defenses for tort liability: (1) the "trade, business or occupation" defense, or (2) the "two-contract" theory of the statutory employer defense. <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Allen</u>, 2002-1072, p. 7-8; 842 So. 2d at 378.

The plaintiff here dedicates much of his memorandum in support of remand and memorandum in opposition to summary judgment to arguing that defendants are not immune under the first defense (the "trade, business or occupation" defense). Although plaintiff's arguments prove interesting, plaintiff overlooks the fact that the statute provides still another, an *alternative* basis, for tort immunity. "The 'two contract' defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed."

9

Allen, 2002-1072, p. 8; 842 So. 2d at 379. Moreover, under the two-contract defense, it is "irrelevant whether the subcontractor's work is part of the work ordinarily performed by the principal." Id.

All the elements of the two-contract defense are met here. Brice entered into a contract with a third party, namely, the Louisiana Cancer Research Consortium. Pursuant to Brice's contract with the Research Consortium, work had to be performed (i.e., constructing a cancer research center). In order to fulfill its contract, Brice entered into a subcontract with Gertine, in which Gertine agreed to perform part of the work. Brice's situation is a textbook case of statutory employment under the two-contract defense.

Moreover, the plaintiff's assertion that Brice waived its statutory employer defense is without merit. For support, plaintiff relies on Prejean v. Maintenance Enterprises, Inc., a case in which the court invalidated an article of a contract because it provided that the principal would be liable to pay workers' compensation benefits *only if* the injured worker's immediate employer was unable to meet its obligations. 2008-0364 (La. App. 4 Cir. 3/25/09); 8 So. 3d 766. Plaintiff contends that similar reasoning applies here. Because Brice's contract with Getinge required Getinge to carry a certain amount of workers' compensation coverage, Brice has effectively shielded itself from

10

the obligation of paying benefits.

As an initial matter, the Court notes that Prejean does not address arguments based on waiver or estoppel. Moreover, Section 23:1033 provides that "[n]o contract, rule, regulation, or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by [the Workers' Compensation Act]." La. R.S. 23:1033. Thus, a defendant cannot "waive" its status as a statutory employer. See Maddox v. Baker Oil Tools, Inc., 774 F. Supp. 419, 423 (E.D. La. 1991) ("[W]hatever the facts [a litigant] may allege and prove at trial in support of waiver, would be 'immaterial.'"). Notably, unlike the principal in Prejean, Brice seeks tort immunity under the two-contract defense, which does not require language in a contract that recognizes the principal as a statutory employer.

Therefore, as a statutory employer, Brice is provided tort immunity and there exists no reasonable basis for plaintiff to recover under state law, nor is there a genuine dispute as to a material fact on this issue. See, e.g., Doiron v. Geo Drilling Fluids, Inc., 541 So. 2d 202 (La. App. 4 Cir. 1989); Rogers v. Gervais Favrot Co., 537 So. 2d 381 (La. App. 4 Cir. 1988); see also Groover v. Scottsdale Ins. Co., 586 F.3d 1012 (5th Cir. 2009); Berthelot v. Murphy Oil, Inc., No. 09-4460, 2010 WL 103871 (E.D. La. Jan. 7, 2010). Accordingly, as Brice's liability insurer, Travelers is also entitled to summary judgment here.

See, e.g., Brown v. Unknown Driver, 2005-0421, p. 11 (La. App. 4 Cir. 1/18/2006); 925 So. 2d 583, 590 ("The insurer's liability is contingent upon proof of the negligence or tortious conduct of the insured.").

Moreover, because Brice is immune from tort liability in this case, and Mr. Mouille was an employee of Brice during the time of the accident, Mouille is also immune from tort liability as a statutory co-employee. See Calais v. Exxon Pipeline Co., 430 So. 2d 321, 324 (La. App. 3 Cir. 1983) (holding that an employee of the statutory employer was a statutory co-employee entitled to avail himself of tort liability); see also Dean v. Baker Hughes, Inc., No. 10-385, 2010 WL 5463422, at *4 (W.D. La. 2010) (same). Therefore, summary judgment is also appropriate as to Mr. Mouille. Plaintiff alleges that Mouille should not receive tort immunity for two reasons: first, because he was operating outside the normal course and scope of his employment with Brice, and second, because he "stepped into the shoes" of Roadrunner, making him a third person under the law.

Plaintiff, however, provides no support to the argument that Mouille was operating outside the normal course and scope of his employment. The Court is unpersuaded by plaintiff's conclusory assertion that moving a piece of equipment by operating a forklift is outside the normal scope of an employee of a general construction contractor. Admittedly, plaintiff even concedes

that Mouille was in the normal course and scope "in that he was at the project site and performing tasks toward the ultimate end of completing the project on behalf of his employer."

Although plaintiff is correct in asserting that third persons are not provided tort immunity under Louisiana worker's compensation laws, and that employees of another subcontractor like Roadrunner would be considered third persons, Mouille does not qualify as such a person here. Mr. Mouille was employed by Brice and not Roadrunner, and courts have repeatedly held that statutory co-employees are provided tort immunity. See Dean, 2010 WL 5463422, at *4; Calais, 430 So. 2d at 324. Plaintiff contends, however, that because "Mouille undertook the operation of the forklift, he undertook the responsibilities, duties, right and obligations of Roadrunner." The Court has found no such authority for plaintiff's "putative third person" argument, and declines to impose such a doctrine on Mouille in light of the Louisiana legislature's repeated attempts to expand the definition of statutory employer and its accompanying protections. See Berthelot, 2010 WL 103871, at *3-*5 (chronicling the Louisiana legislature's expansion of the definition of statutory employer).

Accordingly, the plaintiff's motion to remand is DENIED, and the defendants' motion for summary judgment is GRANTED.

New Orleans, Louisiana, December 5, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE