UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC COLLINS                                    CIVIL ACTION

VERSUS                                          NO. 12-2319

BRICE BUILDING COMPANY, LLC ET AL.              SECTION "F"

ORDER AND REASONS

Before the Court is plaintiff's motion to reconsider this Court's December 5, 2012 Order and Reasons denying plaintiff's motion to remand and granting defendants' motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

This is a dispute arising out of a workplace accident.

In February 2009, Brice Building Company, LLC entered into a contract with the Louisiana Cancer Research Consortium for the construction of a cancer research center in New Orleans.[1] The contract allowed Brice, as general contractor, the right to retain subcontractors as needed, and Brice subcontracted with Getinge USA, Inc., to furnish all labor and materials for, and complete construction of, certain portions of the research

---

[1] The original contract was executed by Brice, LLC's predecessor, Brice Building Company, Inc. On April 16, 2012, Brice Building Company, Inc. assigned the contract to Brice, LLC. As a result, Brice, LLC assumed all obligations of the contract, including obligations to subcontractors.

1

center.[2] The subcontract between Brice and Getinge recognized Brice as the statutory employer of Getinge's employees while they were performing work pursuant to the subcontract, and that any work performed by Getinge was part of Brice's trade, business, or occupation, and an integral part of Brice's ability to generate services for the research center.

On April 14, 2011, Eric Collins, an employee of Getinge, was assisting Brice's employee, Richard J. Mouille, to move a sterilizer when the sterilizer fell on Collins, resulting in injuries. Mr. Collins sued Brice, Mr. Mouille, and Travelers Casualty and Surety Company in Civil District Court for the Parish of Orleans on September 22, 2011, alleging that his injuries were caused by the negligence of Brice and Mr. Mouille. On May 9, 2012, defendants Brice, Mouille, and Travelers moved for summary judgment in state court, alleging that they were immune from liability under the Louisiana Worker's Compensation Act.

On August 8, 2012, before defendants' motion for summary judgment was decided in state court, plaintiff filed a supplemental and amending petition that added Roadrunner, Ltd. as a defendant. Roadrunner subsequently removed the suit to this Court on September 20, 2012, invoking the Court's diversity

---

[2] Specifically, Getinge was subcontracted to complete construction of the Laboratory Equipment, Vivarium Equipment, and Environmental Rooms of the Louisiana Cancer Research Center.

jurisdiction. On October 18, 2012, Mr. Collins filed a motion to remand this case to state court, alleging that removal was improper. On October 23, 2012, defendants Brice, Mouille, and Travelers moved for summary judgment, adopting and incorporating its previous motion for summary judgment they had filed in state court. Roadrunner opposed plaintiff's motion to remand for the same reasons asserted in the Brice, Mouille, and Travelers motion for summary judgment, that defendants are immune from tort liability because of the statutory employer defense.

On December 5, 2012, because the motions focused on similar issues, the Court considered them together, and issued an Order and Reasons denying the plaintiff's motion to remand, and granting the defendants' motion for summary judgment. Plaintiff now moves the Court to reconsider its December 5, 2012 Order and Reasons.

## Legal Standards

*I.*

Motions requesting reconsideration of court orders generally fall under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012); Waste Mgmt. of La., Inc. v. River Birch, Inc., No. 11-2405, 2012 WL 876717, at *1 (E.D. La. Mar. 14, 2012); Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5,

3

2010). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

Rules 59 and 60, however, apply only to final judgments. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, then Rule 54(b) controls. Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. See Fed. R. Civ. P. 54(b). Because the Court's December 5, 2012 Order and Reasons adjudicated the rights of fewer than all parties to this suit, Rule 54(b) governs. Notably, Rule 54(b) motions are construed under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. See Waste Mgmt. of La., 2012 WL 876717, at *1; Castrillo, 2010 WL 1424398, *3.

*II.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581

4

(5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render

just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

I. Discussion

Plaintiff contends that reconsideration is appropriate for two reasons: (1) no contract existed between Brice, LLC and Getinge, and (2) the work being performed by Getinge at the time of plaintiff's accident was not contemplated by the general contract between Brice and the Louisiana Cancer Research Consortium. In light of the Court's December 5, 2012 Order and Reasons and the Rule 59(e) standard, the plaintiff has failed to persuade the Court that it erred in its legal and factual analysis.

The plaintiff first asserts that in order for the two-contract theory of statutory employer to apply, a valid subcontract must exist between Brice, LLC and Getinge. As the Court previously noted:

> The two contract defense applies when (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. Moreover, under the two-contract defense, it is irrelevant whether the subcontractor's work is part of the work ordinarily performed by the principal.
> 
> All the elements of the two-contract defense are met here. Brice entered into a contract with a third party, namely, the Louisiana Cancer Research Consortium. Pursuant to Brice's contract with the Research Consortium, work had

>     to be performed (i.e., constructing a cancer research
>     center). In order to fulfill its contract, Brice entered
>     into a subcontract with Getinge, in which Getinge agreed to
>     perform part of the work.

See Order and Reasons dated December 5, 2012, at 9-10. (citations and internal quotation marks omitted). In his motion for reconsideration, plaintiff correctly asserts (and, for that matter, this Court noted in it December 5, 2012 Order and Reasons) that the original contract was executed by Brice, LLC's predecessor—Brice Building Company, Inc. Plaintiff's argument, however, is that no contract exists between Brice, LLC and Getinge, despite the assignment of the contract by Brice, Inc. to Brice, LLC. Under Louisiana law, a contract and the rights arising from a contract are generally assignable, and the plaintiff submits no authority to indicate that the contract was not assignable here. La. Civ. Code Ann. art. 1984 (2012). Therefore, plaintiff fails to establish a manifest error of law or fact, and merely reasserts arguments that he previously advanced, which this Court frequently warns is inappropriate in a motion for reconsideration.

The plaintiff also alleges that the Court failed to consider whether the work Getinge was doing at the time of the plaintiff's accident was contemplated by Brice's contract with the Research Consortium. Under the two-contract theory, a statutory employer relationship arises when the work performed by the immediate employer (Getinge) is contemplated by or included in the contract

7

between the principal (Brice) and a third party (Louisiana Cancer Research Consortium). See La. Rev. Stat. Ann. § 23:1061(A)(2) (2012); Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth., 2002-1972, p. 8 (La. 4/9/04); 842 So. 2d 373, 379; see also Berthelot v. Murphy Oil, Inc., No. 09-4460, 2010 WL 103871, at *5 (E.D. La. Jan. 7, 2010). Plaintiff asserts that Brice has failed to provide a complete copy of the general contract, which therefore precludes the plaintiff from discerning whether the contract contemplated the work done by Getinge. Specifically, plaintiff asserts that the record does not establish that the equipment being delivered by Getinge at the time of Mr. Collin's accident was the kind of equipment required in the general contract.

Again, plaintiff has failed to demonstrate a manifest error of law or fact warranting reconsideration; rather, plaintiff is requesting the Court take the narrow view of the two-contract theory that plaintiff already argued in previous motions. As the Court mentioned in its December 5, 2012 Order and Reasons, the general contract between Brice and the Research Consortium expressly allows Brice the right to retain subcontractors as needed, and the record supports a finding that the general contract contemplated the work provided by Getinge. See Berthelot, 2010 WL 103871, at *5 (finding that the subcontractor's services were "contemplated" by the agreement

8

between the principal and the third party because the general agreement anticipated that work would be performed by subcontractors).  Moreover, as the Court previously stated, it declines to impose stricter requirements in light of the Louisiana legislature's repeated attempts to expand the definition of statutory employer and its accompanying protections.  See id.

Accordingly, the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, January 9, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE
